## JAMES SWINTON vs. JOSEPH ERWIN.

The chairman of the board of auditors may give notice to the parties of the time and place of meeting, to adjust the accounts. If one of the parties does not appear, a majority of them may adjourn to any other time and place for the purpose of taking the accounts.

It is not necessary that the auditors should all convene, either for the purpose of giving notice, or of adjourning.

This was a case of exceptions to the report of auditors; that two of the auditors, at the time and place notified by the chairman, met for the purpose of a hearing, and neither the defendant nor any other person for him, attended at the place appointed, either then or at any subsequent time, and one of the auditors not being able to attend, on account of ill health, the two auditors adjourned to the residence of the third, where the hearing was had.

*Mr. Bradley for defendant.*—The defendant contends that the two auditors had no power to adjourn to a place different from the one named in the notice.

For such right is not incidental at common law, nor within the terms of the power which is given to all three jointly. Nor could a jury, on a writ of inquiry, be adjourned until all had once met. —Cro. Car. 11, 27, 200—1 B. and P. 236—Style Prac. Reg. 65—1 Tidd 522.

And it is not given by the statute, which contemplates that defendant is to be notified, not of the time and place of meeting of two auditors out of three, but of "hearing and adjusting the accounts," and if no such hearing could be had, his appearance was dispensed with.—Stat. Chap. 10, § 1, p. 141.

*Mr. Kellogg for plaintiff.*—1. One auditor can notify the parties and appoint the time and place of hearing.

2. The party being notified, it was his duty to attend, and by neglecting to attend, was in fault, and cannot thereby subject the plaintiff to make a new notice.

3. It does not appear that the defendant suffered any injury, but on the contrary did *not* sustain any.

WINDHAM,
*February*,
1836.
——
Swinton
*vs.*
Erwin.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—A decision conformable to the views of the defendant would be at variance with the practice which has uniformly prevailed, and is not to be made unless required by the obvious dictates of law. According to the principles which are settled in the action of account at common law, our statute requires the auditors to give the defendant notice of the time and place where the account is to be adjusted. It has been usual, when more than one auditor is appointed, for the one first named in the rule to act as chairman and give the necessary notices to the parties. This practice is recognized and sanctioned by the statute in addition to the statute relating to actions of account, passed November 1819, providing that the auditor or the chairman of the auditors appointed shall issue a citation, &c. It never has been considered as necessary, nor do we deem that it is required, that the auditors shall organize as a board and be sworn, before a citation of notice is given to the parties of the time and place of hearing. When the auditors have met they may adjourn from time to time. The parties, as in an action of account at common law, must appear *de die in diem*, till the account is finished; and if it cannot be finished by the day given, the auditors may give another day.—1 Com: Dig. Title Accompt, E. 8, p. 197. For the purpose of making an adjournment or giving a continuance, it cannot be necessary that all shall meet. If the parties are together with one or more of the auditors, at the time and place appointed, and a continuance is granted, the parties are of course notified of the time and place to which the hearing is adjourned, and have every opportunity, at the time of the adjourned hearing, which they had at the time first appointed, of rendering their respective accounts. If one of the parties does not appear and does not intend to, (and it is found in this case that the defendant did not intend to appear,) he receives no injury, because the auditors adjust the account of the other party, at a time and place convenient to them, to which they may adjourn, although it may be different from the place first appointed. Considering that the auditors have power to adjourn; that the chairman of the board of au-

WINDHAM,
February,
1836

Swinton
vs.
Erwin.

ditors may give the required notice in the absence of the other auditors, we very readily come to the conclusion, that, at the time and place appointed, a majority of the auditors, as was the present case, or even one of them may adjourn to another time and place, for the purpose of hearing ; and it is the duty of the parties, who were once duly notified, to take notice of the adjournment, and they are considered as having due notice of the time and place, when and where, the account is finally taken.

The judgment of the county court is therefore affirmed.